RECEIVED
IN LAKE CHARLES, LA

MAY 3 0 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

CV 06 - 0886

| | | |
|---|---|---|
| **DECISION ONE MORTGAGE COMPANY, L.L.C.** | * | CIVIL ACTION NO. _____ |
| | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **VERSUS** | * | |
| | * | JUDGE _____ TRIMBLE _____ |
| **LOUIS G. COFFEY, JR. AND** | * | |
| **CAROLINE MICHELE COFFEY** | * | MAGISTRATE ____ WILSON ____ |
| | * | |
| **Defendants** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Decision One Mortgage Company, L.L.C. ("Decision One") who respectfully states as follows:

### PARTIES

1.    Decision One is a North Carolina limited liability company with its principal place of business in North Carolina, and is authorized to do and doing business in this judicial district.

233890.1

2.    Upon information and belief, defendants, Louis G. Coffey, Jr. and Caroline Michele Coffey (collectively "Coffeys") are adult citizens of the State of Louisiana and reside in this judicial district.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1).  Complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00 based upon the underlying claims.  This Court is further authorized to hear this Complaint pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"), which allows a party seeking arbitration to file suit in federal district court.

4.    Venue is proper in this judicial district under 28 U.S.C. § 1391 on the grounds that: (a) all of the defendants reside in this judicial district; and (b) a substantive part of the events or omissions giving rise to Decision One's claim occurred in this district.

5.    There are no grounds upon which this Court should abstain from deciding this matter.

6.    This Court has supplemental jurisdiction over all other claims asserted by Decision One including the state law claims, in accordance with 28 U.S.C. § 1367(a).

## FACTS

7.    On or about, August 15, 2005, the Coffeys purchased certain immovable property located at 156 Paul Road ("property") in Cameron Parish.

8.    The Coffeys financed the purchase of the property through Decision One, as lender.

9.    In financing the property with Decision One, Louis G. Coffey, Jr. executed two separate adjustable rate promissory notes made payable to Decision One as follows:

Loan Number 2250050882640 in the amount of $92,000.00; and

Loan Number 2250050882930 in the amount of $23,000.00.

10.    Also as part of the financing of the purchase of the property, the Coffeys executed two mortgages to secure the two adjustable rate promissory notes as follows:

A first mortgage on the property securing Loan Number 2250050882640; and

A second mortgage on the property securing Loan Number 2250050882930.   (The promissory notes and mortgages are collectively referred to as "loan agreements").

11.    With respect to the loan agreements entered into between the Coffeys and Decision One, Louis G. Coffey, Jr. executed two identical Arbitration Agreements (collectively "Arbitration Agreements") which provide that all claims, as defined by the Arbitration Agreements, shall be submitted to binding arbitration:

This Arbitration Agreement, if signed and therefore accepted by You, is made a part of Your Loan Agreement with Lender.  By signing this Arbitration Agreement, in consideration of the mutual promises contained herein, You agree that, upon election by lender or by You, any Claim shall be resolved by binding arbitration pursuant to this Arbitration Agreement....

12.    The Arbitration Agreements broadly define "Claims" as follows:

"Claim" is to be given the broadest possible meaning, and shall mean any claim, dispute, or controversy, whether based upon contract, tort (intentional or otherwise), constitution, statute, common law, regulation, ordinance or equity, and whether pre-existing, present or future, including initial claims, counter-claims, cross-claims, third party claims and claims seeking relief of any type, including damages and/or injunctive, declaratory or other equitable relief, arising from or relating to Your Loan with Lender or the Loan Agreement, the relationships which result from Your Loan with Lender or the Loan Agreement, or any products or services offered in connection with Your Loan with Lender or the Loan Agreement, including, but not limited to, any dispute or controversy concerning, the validity or enforceability of this Arbitration Agreement, any part thereof or the entire Loan Agreement, and whether or not the Claim is subject to Arbitration...

13.    The Arbitration Agreements specifically state that they were made pursuant to a transaction involving Interstate Commerce, and shall be governed by the Federal Arbitration Act, 9 USC §§ 1 et seq. ("FAA"): "This Arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. (the "FAA"), and not by any state law concerning arbitration..."

14.    The Arbitration Agreements specifically state that the parties acknowledged that they had a right to litigate claims through a court before a judge or jury, but would not have that right if either party elected arbitration. The Arbitration Agreements also state that the parties knowingly and voluntarily waived their rights to litigate such claims in a court before a judge or jury upon election of arbitration by other parties:

> BY SIGNING BELOW, THE PARTIES ACKNOWLEDGE THAT THEY HAD A RIGHT TO LITIGATE CERTAIN CLAIMS THROUGH A COURT BEFORE A JUDGE OR JURY, AND THAT THEY WILL NOT HAVE A RIGHT IF EITHER PARTY ELECTS ARBITRATION PURSUANT TO THIS AGREEMENT, EXCEPT AS PROVIDED OTHERWISE HEREIN...

15.    The mortgage, the promissory notes, and the arbitration agreements are community obligations of the Coffeys pursuant to La. C.C. Art. 2360 and are therefore binding on both Louis G. Coffey, Jr. and Caroline Michele Coffey.

16.    Despite the existence of the Arbitration Agreements, on or about April 3, 2006, the Coffeys filed suit in the Thirty-Eighth Judicial District Court for the Parish of Cameron, State of Louisiana ("Lawsuit")[1], asserting various claims against Elite Title Insurance Agency, Inc.; Flagstar Mortgage Corp., Raymond Fondel, Jr. Insurance Agency, L.L.C.; Allstate Insurance

---

[1] A copy of the Lawsuit is attached hereto and incorporated herein as Exhibit A.

Company; Fireman's Fund Insurance Company of Louisiana; Michelle Rodriguez; and Decision One Mortgage Company, L.L.C.

17.    In the Lawsuit, the Coffeys allege that on September 24, 2005, the property was destroyed by Hurricane Rita.[2]

18.    In the Lawsuit, the Coffeys allege that they did not have flood insurance to cover the loss of the property.[3]

19.    In the Lawsuit, the Coffeys allege, *inter alia*, that Decision One is liable to them for failing to acquire and/or require the Coffeys to obtain flood insurance on the property, and/or that Decision One was required to provide instructions to the closing attorney that a certain portion of the loan proceeds were to be disbursed to pay flood insurance premiums on behalf of the Coffeys and failed to do so.[4]

20.    The Coffeys' claims against Decision One arise out of and relate to the loan agreements and the relationships which resulted with Decision One and therefore are subject to binding arbitration pursuant to the Arbitration Agreements.

21.    Despite the fact that the Arbitration Agreements require arbitration as the sole and exclusive method for resolving disputes relating to the relating to the loan agreement and relationships which result from the loan agreement, the Coffeys filed the Lawsuit.

22.    The filing of the Lawsuit is a violation of the Arbitration Agreements. Decision One is entitled to and hereby seeks to enforce the terms of the Arbitration Agreements and requests an order compelling arbitration and staying the Lawsuit to the extent that the Lawsuit contains

---

[2] *See* Exhibit A at ¶¶ 8 and 9.
[3] *See* Exhibit A at ¶ 11.
[4] *See* Exhibit A at ¶ 13.

233890.1                                                                                                Page 5

claims or causes of actions against Decision One, including any claim that Decision One is solidarily liable with any other defendant(s) in the Lawsuit.

23.    Decision One is prepared to participate in arbitration in accordance with the terms of the Arbitration Agreements.

24.    The Arbitration Agreements and this action are governed by the Federal Arbitration Act, 9 U.S.C. § 1, et seq. Pursuant to the FAA, the Arbitration Agreements are valid and must be enforced.

25.    All claims that the Coffeys seek to assert against Decision One in the Lawsuit relate directly to the loan agreement and the relationships which resulted from the loan agreement. The allegations and claims asserted against Decision One in the Lawsuit are encompassed within the scope of the Arbitration Agreements.

26.    By filing this action, Decision One hereby asserts its demand for arbitration in accordance with the provisions called for under the Arbitration Agreements.

27.    By filing the Lawsuit and seeking to assert claims against Decision One therein, the Coffeys have breached the terms of the Arbitration Agreements, and are in default thereunder.

28.    Pursuant to 9 U.S.C. § 4, Decision One requests that this Court issue an Order: (a) directing the Coffeys to proceed with arbitration if they seek to pursue the claims asserted against Decision One in the Lawsuit; (b) staying and enjoining the Lawsuit to the to the extent that the Lawsuit contains claims or causes of actions against Decision One, including any claim that Decision One is solidarily liable with any other defendant(s) in the Lawsuit; and (c) directing the Coffeys to withdraw the Lawsuit to the extent that the Lawsuit contains claims or

causes of actions against Decision One and take no further action outside of arbitration with regard to disputes arising under the Arbitration Agreements.

**WHEREFORE, PREMISES CONSIDERED,** Decision One Mortgage Company, L.L.C. prays for judgment as follows:

1.      Compelling Louis G. Coffey, Jr. and Caroline Michelle Coffey:

(A)     To bring all claims that they intend to assert against Decision One Mortgage Company, L.L.C. through arbitration as required pursuant to the terms of the Arbitration Agreements;

(B)     To dismiss the Lawsuit to the extent that the Lawsuit contains claims or causes of actions against Decision One Mortgage Company, L.L.C., including any claim that Decision One Mortgage, L.L.C. is solidarily liable with any other defendant(s) in the Lawsuit; and

(C)     To take no further action outside of arbitration with regard to claims or controversies covered by the Arbitration Agreements.

2.      Alternatively, staying the Lawsuit to the extent that the Lawsuit contains claims or causes of actions against Decision One Mortgage Company, L.L.C. pending arbitration, including any claim that Decision One Mortgage Company, L.L.C. is solidarily liable with any other defendant(s) in the Lawsuit.

3.      Staying this proceeding pending the completion of arbitration.

233890.1

4.    Granting such other and further relief as the Court may find just and equitable.

Respectfully submitted, this 30ᵗʰ day of May, 2006.

RESPECTFULLY SUBMITTED:

McGLINCHEY STAFFORD, PLLC

_____
Michael D. Ferachi (Bar Roll No. 19566)
Jonathan G. Wilbourn (Bar Roll No. 27683)
Fourteenth Floor, One American Place
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000
Telecopier: (225) 343-3076

**ATTORNEYS FOR DECISION ONE
MORTGAGE COMPANY, L.L.C.**

# MᶜGLINCHEY STAFFORD PLLC

**MICHAEL D. FERACHI**
(225) 382-3667 Direct
(225) 343-3076 Fax
mferachi@mcglinchey.com

BATON ROUGE
NEW ORLEANS
HOUSTON
JACKSON
CLEVELAND
MONROE
DALLAS
ALBANY

May 26, 2006

018447.PM07085

**Via Federal Express**
Clerk of Court
Western District of Louisiana
611 Broad St., Ste. 188
Lake Charles, LA 70601

*2:06cv886*
*Timble*
*Wilson*

RECEIVED
IN LAKE CHARLES, LA

MAY 3 0 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT COURT OF LOUISIANA

Re:    Louis G. Coffey, Jr. and Caroline Michele Coffee vs.
Mortgage Company, L.L.C., Docket No. Unknown,
Western District Court of Louisiana

Dear Sir or Madam:

Enclosed, please find the original and two copies of the Complaint and Corporate Disclosure Statement to be filed into the record in regard to the above-referenced matter. I have enclosed a firm check in the amount of $350.00 to cover the filing fee. Please return a file stamped copy back to me in the enclosed self addressed envelope.

Thank you for your assistance in this matter. If you have any questions, please do not hesitate to contact me.

Sincerely,

**McGLINCHEY STAFFORD, PLLC**

By: _Michael D. Ferachi_
       Michael D. Ferachi

Enclosure

234624.1

# MᶜGLINCHEY STAFFORD PLLC

**Fourteenth Floor One American Place, Baton Rouge, LA 70825**

New Orleans, LA
Houston, TX
Jackson, MS
Monroe, LA
Cleveland, OH
Dallas, TX
Albany, NY

(225) 383-9000
FAX (225) 343-3076

## MEMORANDUM OF TRANSMITTAL

### May 30, 2006

**TO:**  Western District Clerk of Court
**ATTN: Patrice**

**FAX NO:**  337-437-3873

**FROM:**  Jonathan G. Wilbourn

**RE:**  Civil Cover Sheet
in Decision One Mortgage vs. Louis G. Coffey, Jr.

**FILE NO:**  18447.PM07085

**MESSAGES, NOTES, COMMENTS:**

**NO. OF PAGES:** 2 (Including Cover)

*Original will follow in the mail.*

*Thanks,*
*Angie*

## IF YOU EXPERIENCE DIFFICULTIES IN TRANSMISSION, OR DO NOT RECEIVE ALL PAGES INDICATED, PLEASE CONTACT Angela Crochet AT EXT. 229.

Confidentiality Statement

"The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone and return the original message to us at the above address via the United States Postal Service."

# MᶜGLINCHEY STAFFORD PLLC

**MICHAEL D. FERACHI**
(225) 382-3687 Direct
(225) 343-3076 Fax
mferachi@mcglinchey.com

BATON ROUGE
NEW ORLEANS
HOUSTON
JACKSON
CLEVELAND
MONROE
DALLAS
ALBANY

May 30, 2006

018447.PM07085

**Via Telecopier 337-437-3873 and Regular Mail**
Clerk of Court
Western District of Louisiana
ATTN: Patrice
611 Broad St., Ste. 188
Lake Charles, LA 70601

      Re:    Louis G. Coffey, Jr. and Caroline Michele Coffee vs. Decision One
            Mortgage Company, L.L.C., Docket No. Unknown,
            Western District Court of Louisiana

Dear Patrice:

    Enclosed, please find the Civil Coversheet that we spoke about today in regard to the above-referenced matter. I am sending the original and two copies of the Civil Coversheet in the regular mail also to your attention.

    Thank you for your assistance in this matter. If you have any questions, please do not hesitate to contact me.

                Sincerely,

                **McGLINCHEY STAFFORD, PLLC**

                By: _____
                Angela Crochet
                Secretary to Michael D. Ferachi
                & Jonathan G. Wilbourn

Enclosure

234796.1